## Case No. 6,453.

### The HIAWATHA.

### [5 Sawy. 160.] [1]

District Court, D. California. April 30, 1878.

MARITIME LIENS—PRIORITY—MATERIALS—MORTGAGE.

1. Priority of lien of domestic material-man over lien of mortgagee.

2. The lien under the state law of a material-man for repairs has priority over that of a mortgagee under a prior mortgage duly recorded.

[Cited in The E. A. Barnard, 2 Fed. 722; The Canada, 7 Fed. 735; The J. E. Rumbell, 148 U. S. 19, 13 Sup. Ct. 503.]

In admiralty.

J. T. Hoyt, for libellant.

M. Andros, M. J. Nolen, T. J. French, and C. T. Emmet, for various intervenors.

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

HOFFMAN, District Judge. That the lien under the state law of a material-man for repairs furnished to a vessel in her home port has priority over that of a mortgagee under a duly recorded prior mortgage, has been so often decided that I think it unnecessary to do more than to state the principle and cite the authorities which the industry of counsel has collected in his brief.

The principle is concisely stated by Mr. Justice Curtis, in the case of The Kearsarge [Case No. 7,762], as follows: "The mortgagees can have no claim to be preferred over the lien-holder, because of their priority in time; for their interest in the vessel is as much subject to the statute lien as the interest of any other party." This principle is recognized in the following cases: The W. T. Graves [Id. 17,758]; Scott v. Delahunt, 65 N. Y. 128; The Island City [Case No. 7,109]; Donnell v. The Starlight, 103 Mass. 227; Hull of a New Ship [Case No. 6,859]; The Raleigh [Id. 11,539]; Shodes v. The Collier, 2 Pittsb. R. 304; The St. Joseph [Case No. 12,229]; Kellogg v. Brennan, 14 Ohio, 72; Provost v. Wilcox, 17 Ohio, 359; Jones v. Keen, 115 Mass. 170.

In the case of The William T. Graves [Case No. 17,759], Mr. Justice Johnson, circuit judge, considers the effect of the provisions of section 1 of the act of congress of July 29, 1850 (9 Stat. 440), on the liens of mortgages.

That section provides that "no bill of sale, mortgage, hypothecation or conveyance of any vessel, or part of any vessel, shall be valid against any person other than the grantor or mortgagor, his heirs and devisees, and persons having actual notice thereof; unless such bill of sale, mortgage, hypothecation or conveyance be recorded in the office of the collector of customs where such vessel is registered or enrolled; provided, that the lien by bottomry on any vessel created during her voyage by a loan of money or materials necessary to repair, or enable such vessel to prosecute her voyage, shall not lose its priority or be in any way affected by the provisions of this act." With reference to this proviso Mr. Justice Johnson observes:

"The obvious purpose of this proviso was to make it entirely clear that a bottomry bond did not come within the statute, requiring certain instruments to be recorded. It might otherwise have been contended that it was in some sense a hypothecation of the vessel, and, therefore, required to be recorded. It will be observed, that the proviso is confined to liens by bottomry. If this proviso be construed to mean that such a lien only, is out of the purview of the statute, and that all other liens are postponed to that of a mortgage, then the claims of salvors, and all those having other strictly maritime liens would be thus postponed to the subversion of the whole principle upon which efficacy is given to such claims, and the overthrow of the best settled and most salutary principles of the maritime law. Indeed, any principle

upon which this statute can be expounded to give such a priority to a recorded mortgage, would also extend to bills of sale and other conveyances recorded under the same law, and thus practically overthrow the whole scheme of the maritime law on the subject of maritime liens. This statute, I conclude, therefore, has no relation to the question involved, and the lien of the libellant is left to stand upon the statute of New York, which the courts of the United States enforce in the courts of admiralty."

The case of The Lottawanna, 21 Wall. [88 U. S.] 558,. though not directly in point, seems impliedly to recognize the general doctrine I have stated. In that case, the contest was between domestic material-men and mortgagees, who petitioned against remnants and surplus in the registry. Some of the supplies had been furnished prior to the execution of the mortgage, and some subsequently. But the court takes no notice of this circumstance. The claims are all treated as standing on the same footing with regard to mortgagees. They were rejected, because the liens for them had not been perfected as required by the state law. There is no intimation that if the fact had been otherwise, the claims of the material-men would not have been preferred to that of a mortgagee, whether prior or subsequent. Such seems to be the necessary result of the decision.

The court holds, that by the maritime law, as received in the United States, domestic material-men, (so-called,) have no lien on the vessel; but that the states may, by statute, create such liens. Their contracts, however, are maritime, and the liens given by state laws can be enforced in the admiralty courts of the United States. It is well known that mortgagees have no right to foreclose their mortgages in the admiralty. When, however, the court finds itself in possession of remnants and surplus, which it is required to distribute, the lien of the mortgagee, like that of an attaching creditor, will be recognized and enforced. In no other way does the court take jurisdiction of the claim. But this remnant and surplus can only result after all maritime and quasi maritime liens have been satisfied. In this last category, liens attached by state laws to the contracts admitted to be maritime of domestic material-men, must be placed.

It follows, therefore, that the mortgagee cannot now be heard in support of his claim until the domestic material-man is paid. An order will be entered directing the demands of the material and supply men to be paid out of the fund remaining undistributed in the registry of the court; the balance remaining, if any, to be applied to the satisfaction of the demand of the mortgagee.